Although I agree with the principle of law stated in the opinion, i.e., that the State was required to lay a predicate to show a chain of custody in order to make the marijuana admissible into evidence, I cannot agree that the petitioner is entitled to a reversal of his conviction based on the record that is before us. I have two reasons for my conclusion.
First, when the State offered the marijuana into evidence, the petitioner made only a general objection to the admission of the evidence, and he did not raise any objection that a proper chain of custody had not been proven.[3]
Second, the "sealed" envelope the witnesses refer to in their testimony is not before us. Therefore, I cannot tell whether, based on all the evidence that was before the trial judge, there is "a reasonable probability that the item is the same as, and not substantially different from, the object as it existed at the beginning of the chain," which I believe to be the rule that we would apply. Ex parte Williams,548 So.2d 518, 520 (Ala. 1989); see also, Green v. AlabamaPower Co., 597 So.2d 1325 (Ala. 1992) (Maddox, J., dissenting).
Based on the foregoing, I dissent.
STEAGALL, J., concurs.
[3] The record reads as follows:
 "Q: [by the prosecutor] I'm going to show you what has been marked as State's Exhibit 1 for identification and ask you if you've seen this before.
 "A: [by David Thorne, supervisor of drug chemistry for the Alabama Department of Forensic Sciences' laboratory in Enterprise, Alabama] Yes, I have.
"Q: Who did you receive that from?
 "A: I received it, firstly, from Mark Cruise, who is also employed by our department.
 "Q: And was it in a sealed condition at the time that you received it?
"A: Yes, it was.
"Q: Did you break the seal and examine the contents?
"A: Yes, sir, I did.
 "Q: Would you look at the contents there? And after you do that, I have a question to ask you. Is it today in the same condition it was when you broke the seal or when you received it from Mark Cruise?
 "A: It is, with the exception of the tape seal that I taped on the back after I examined it, right there.
 "Q: Okay, so, you put the tape on it that's on it today, yourself?
"A: Yes, I did.
 "Q: At this time, I'd like to offer State's Exhibit 1 for identification as State's Exhibit 1.
"[By defense attorney]: Object.
"[By the Court]: Objection overruled.
 (Whereupon, State's Exhibit No. 1 was introduced into evidence.)"
(R. at 64-65).